**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND,<br>2400 Research Boulevard<br>Suite 500<br>Rockville, Maryland 20850,<br><br>        Plaintiff,<br><br>        v.<br><br>A & F ELECTRICAL TESTING, INC.,<br>a New York corporation,<br>P.O. Box 446<br>St. James, NY  11780,<br><br>    SERVE:<br>    Kevin Chilton<br>    80 Broad Street, 5th Floor<br>    New York, NY  10004,<br><br>        Defendant. | Civil Action No.  8:14-cv-01661 |

## COMPLAINT

1.  This is an action brought by the Trustees of a multiemployer pension plan, the National Electrical Benefit Fund (hereinafter the "NEBF"), to collect delinquent contributions owed to the NEBF by Defendant A & F Electrical Testing, Inc., an employer that is obligated to contribute to the NEBF pursuant to the provisions of its collective bargaining agreements and the NEBF plan documents.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e). Plaintiffs are fiduciaries to the NEBF and this action arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145. Venue is proper because the NEBF is administered within this district. ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

**PARTIES**

4. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5. Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Upon information and belief, Defendant is a New York corporation whose main places of business are 401 W. Main Street, Smithtown, NY 11787, and 80 Lake Avenue, Nesconset, NY 11767-1017.

**STATEMENT OF CLAIM**

6. Defendant is a signatory, and has been a signatory continuously during all relevant periods, to one or more collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW Local Union 25 as the collective bargaining representative of Defendant's employees. Pursuant to the Collective Bargaining Agreements, Defendant has been and is currently obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements.

7. Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "Employees Benefit Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

8. The NEBF Restated Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions. In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs and attorneys' fees, incurred in collecting the delinquency.

9. According to monthly payroll records submitted by Defendant, Defendant has been delinquent in making contributions to the NEBF on behalf of its employees covered by the Collective Bargaining Agreements for the periods of September 2011 through January 2014.

10. In connection with work performed by Defendant's covered employer from September 2011 through January 2014, Defendant failed to pay the NEBF at least $29,426.55 in contributions.

11. Interest (calculated at the rate of 10% per annum through the present) on the aforementioned delinquent and other late paid NEBF contributions is equal to $5,524.61.

12. Liquidated damages (calculated at the rate of 20% of the delinquent and any late paid contributions) on the aforementioned delinquent and other late paid NEBF contributions are equal to $7,074.33.

13. NEBF has incurred attorney's fees and costs in connection with its attempt to collect the delinquent contributions.

14. Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to NEBF participants employed by Defendant, upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute. This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

15. Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents. 29 U.S.C. § 1145.

16. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action. 29 U.S.C. § 1132(a)(3).

17. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. § 1132(g)(2).

18. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action.  29 U.S.C. § 1132(a)(3).

19. Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. § 1132(g)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment in their favor, and that the Court's judgment include:

(a) **$29,426.55**, representing delinquent NEBF contributions for the periods of September 2011 through January 2014;

(b) **$5,524.61**, representing interest on the aforementioned delinquent and other late paid NEBF contributions, calculated at the rate of 10% per annum through the date hereof;

(c) **$7,074.33**, representing liquidated damages in the amount of 20% of the aforementioned delinquent and other late paid NEBF contributions;

(d) an order that interest shall accrue on all delinquent contributions at the rate of 10% per annum until paid in full; and

(e) an award of all reasonable attorneys' fees and the costs of this action.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

Dated: May 22, 2014                                /s/
                                         Jennifer Bush Hawkins
                                         Federal Bar No.  013064
                                         **POTTS-DUPRE, HAWKINS & KRAMER, CHTD.**
                                         900 Seventh Street, N.W., Suite 1020
                                         Washington, D.C. 20001
                                         Jhawkins@phk-law.com
                                         (202) 223-0888
                                         Attorneys for Plaintiff
                                         *National Electrical Benefit Fund*